**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br>  v.<br><br>MITCHELL JEROME BOOTHE,<br><br>       Defendant - Appellant. | No. 12-30213<br><br>D.C. No. 9:12-cr-00008-DWM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Mitchell Jerome Boothe appeals from the district court's order affirming his

bench-trial conviction for disorderly conduct, in violation of 41 C.F.R. § 102-

74.390. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Boothe contends that the magistrate judge violated his First Amendment

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

rights by requiring, as a condition of his one-year term of unsupervised probation, that he secure the permission of the presiding district judge before entering any United States District Court facility in the District of Montana. As the district court concluded, imposition of the challenged condition was a permissible exercise of the magistrate judge's discretion. *See United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988) (sentencing judge has broad discretion to set probation conditions). The condition is reasonably related to both the circumstances of Boothe's conviction and the goals of deterrence, punishment, and promotion of respect for the law, and it involves only such deprivation of liberty as is reasonably necessary to serve those objectives. *See* 18 U.S.C. §§ 3553(a)(1), (2) and 3563(b); *Terrigno*, 838 F.2d at 374.

**AFFIRMED.**